**W. Brown HOFLER, individually, and t/a Southern Yankee Network, et al.**

**v.**

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY.**

**Civ. A. No. 677–70–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 9, 1971.

Frank D. Harris, Harris & Mathews, South Hill, Va., for plaintiffs.

Lewis T. Booker, Thomas G. Slater, Jr., Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The above styled action is one brought under 28 U.S.C. § 1331 to recover damages for an alleged breach of contract. The defendant has moved to dismiss the action under Fed.R.Civ.P. 12(b) (6), 28 U.S.C.

Basically, the relevant facts are as follows: The plaintiffs contracted with the New York Yankees Baseball Club to broadcast Yankee baseball games to stations in several states of the southeastern United States. In conjunction with that contract, the plaintiffs entered into an oral agreement with American Telephone and Telegraph Company (A.T. & T.) whereby, commencing approximately July 1, 1966, A.T. & T. would furnish the necessary telephone lines for the broadcasts. Such service was to be furnished specifically for the year 1966, and thereafter, until cancelled by one or both parties.

The plaintiffs contend that A.T. & T. both failed to furnish the necessary lines and in addition failed to maintain those lines it did furnish in proper working order. As a result of A.T. & T.'s alleged breach, plaintiffs contend that they were forced to curtail service to outlet stations, and were eventually forced to abandon operations. Hence, the contract with the Yankees ended in 1966, due, allegedly, to the breach by A. T. & T. of its oral contract with plaintiffs.

The basis of the defendant's motion to dismiss is that the statute of limitations has run on plaintiffs' right of action, and they are therefore barred from prosecuting the instant case. A.T. & T. refers for support of its position to 47 U.S.C. § 415(b), which reads in relevant part:

All complaints against carriers for the recovery of damages not based on overcharges shall be filed with the Commission within one year from the time the cause of action accrues, and not after, * * *.

On the other hand, the plaintiffs contend that the Virginia statute of limitations applies, and that such statute is five years from the time the cause of action arose.

Any breach that occurred, if one did in fact occur, occurred in 1966. The action was commenced in 1970.

The Court must first decide whether state law or federal law applies. The rule appears to be that in all matters concerning the liability of communication carriers, such as A.T. & T., with respect to interstate service, as in the instant proceeding, federal law governs. Ivy Broadcasting Co. v. American Tel. & Tel. Co., 391 F.2d 486 (2d Cir. 1968); Kaufman v. Western Union Tel. Co., 224 F.2d 723 (5th Cir. 1955), cert. denied 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825 (1956); O'Brien v. Western Union Tel. Co., 113 F.2d 539 (1st Cir. 1940). Hence, if 47 U.S.C. § 415(b) sets forth a statute of limitations governing actions against carriers not based on overcharges in the district court, it applies to the exclusion of state law.

Section 415(b) places a one year limitation on complaints filed before the Federal Communications Commission. No mention is made regarding an action in the district court.

Only one case has dealt with the problems presented by the wording of § 415(b). Ward v. Northern Ohio Telephone Company, 251 F.Supp. 606 (N.D. Ohio 1966), aff'd per curiam, 381 F.2d 16 (6th Cir. 1967). In that case, after an exhaustive opinion in which he traced the legislative history of the Communications Act of 1934 from before its actual inception, United States District Judge Young concluded that § 415(b) was intended to apply to actions commenced in the district courts. 251 F. Supp., *supra*, at 611. With that holding this Court is in agreement. Therefore, in order to pursue the instant action, plaintiffs must have commenced proceedings prior to one year after the alleged breach. This they did not do, thereby necessitating the granting of the motion to dismiss.

An appropriate order will enter.