Sharon Margaret PAVLAK, Plaintiff-Appellant, Cross-Appellee,

v.

John R. CHURCH, individually and in his capacity as Chief of Police for the City of Boise, et al., Defendants-Appellees, Cross-Appellants.

Nos. 81–3109, 81–3122.

United States Court of Appeals, Ninth Circuit.

March 12, 1984.

Lee Price Fernon, Austin, Tex., Jon N. Wyman, Wyman & Wyman, Boise, Idaho, for plaintiff-appellant.

Brian K. Julian, Quane, Smith, Howard & Hull, Boise, Idaho, for defendants-appellees.

Before KENNEDY, FARRIS and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge:

The question now before us is whether the two year statute of limitations provided in § 415(b) of the Federal Communications Act, 47 U.S.C. § 415(b), applies to claims against a telephone company arising out of providing equipment to a police department that conducted illegal wiretapping. We conclude it does apply and remand for a determination of whether the complaint against the telephone company is time barred.

The case is before us on remand from the Supreme Court. In 1976 and 1977 the Boise City Police Department allegedly conducted an illegal surveillance program which included the wiretapping of a telephone in Boise. Plaintiff Sharon Pavlak made several calls to, and received several calls from, the particular phone number. She claims Mountain States Telephone and Telegraph Co. ("Mountain States") aided the illegal wiretapping.

Pavlak learned of the surveillance and filed this suit, alleging causes of action under 42 U.S.C. §§ 1983, 1985(3), and 1986; 18 U.S.C. § 2520; and 47 U.S.C. § 605. The district court granted both Boise and Mountain States summary judgment, finding that a three year statute of limitations, Idaho Code § 5–218 (1979), applied to the action and had run before Pavlak filed her complaint. In concluding her claim was barred, the district court held the statute of limitations was not tolled pending determination of a certification motion in a related class action suit in which Pavlak was a member of the putative class. Pavlak appealed here. Mountain States cross-appealed, arguing that the district court erred by applying Idaho's three year statute of limitations instead of the two year bar in the Federal Communications Act, 47 U.S.C. § 415(b).

In *Pavlak v. Church,* 681 F.2d 617 (9th Cir.1982), *rev'd,* —— U.S. ——, 103 S.Ct. 3529, 77 L.Ed.2d 1382 (1983), we found it unnecessary to address Mountain States' cross-appeal. We affirmed the district court, Judge Norris dissenting, agreeing that even under the three-year statute of limitations, Pavlak's claims were time barred, as it was not tolled pending certification in the class suit. The Supreme Court reversed, *Pavlak v. Church,* —— U.S. ——, 103 S.Ct. 3529, 77 L.Ed.2d 1382 (1983), vacating our decision and remanding for further consideration in light of *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. ——, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and *Chardon v. Soto,* 462 U.S. ——, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). The Supreme Court's disposition of the case makes it necessary to determine now Mountain States' cross-appeal.

47 U.S.C. § 415(b) provides:

All complaints against carriers for the recovery of *damages not based on overcharges* shall be filed with the Commission within two years from the time the cause of action accrues, and not after.... (Emphasis added.)

In *Ward v. Northern Ohio Telephone Co.,* 251 F.Supp. 606 (N.D.Ohio 1966), *aff'd per curiam,* 381 F.2d 16 (6th Cir.1967), the court concluded after an extensive analysis of § 415 and its legislative history that the limitation period it provides applies to claims filed in district court as well as to complaints filed with the Federal Communications Commission. Other courts have followed *Ward. See, e.g., Swarthout v. Michigan Bell Telephone Co.,* 504 F.2d 748 (6th Cir.1974); *Cole v. Kelley,* 438 F.Supp. 129 (C.D.Cal.1977); *Hofler v. American Telephone and Telegraph Co.,* 328 F.Supp. 893 (E.D.Va.1971).

Pavlak argues the statute should not bar her recovery. First, she suggests § 415 applies only to interstate, rather than intrastate, telephone service-related suits. Second, she suggests the limitation provision in 47 U.S.C. § 415(b) is inappropriate where the plaintiff brings suit on several causes of action which do not fall under 47 U.S.C.

Pavlak relies on language in *Hofler, supra,* that the Federal Communications Act governs the liability of communications carriers "with respect to interstate service." 328 F.Supp. at 894. She suggests that the Act covers claims arising *only* from interstate service, and not those involving intrastate calls. Her suggestion meets with little approval from the case law. Section 605 of the Federal Communications Act bars the kind of communication interception and divulgence present here. The Supreme Court has specifically held that § 605 applies to purely intrastate communications. *Weiss v. United States,* 308 U.S. 321, 329, 60 S.Ct. 269, 272, 84 L.Ed. 298 (1939). We have strictly followed that holding. *Elkins v. United States,* 266 F.2d 588, 593 (9th Cir.1959).

Federal jurisdiction over purely intrastate communications under the Federal Communications Act derives from Congress' plenary power to regulate interstate commerce through regulating the means of such commerce. *See Kratz v. Kratz,* 477 F.Supp. 463, 475 (E.D.Pa.1979). In *Kratz* the court rejected the defendant's argument that Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510–20, also sued under here) could not be applied because the wiretap of a spouse's phone at a home shared jointly produced no effect on interstate commerce:

> [W]hether or not there was an effect on interstate commerce is irrelevant. Since the telephone is an instrumentality of interstate commerce, Congress has plenary power under the Constitution to regulate its use and abuse.

*Id.* *See also United States v. Sugden,* 226 F.2d 281, 284 (9th Cir.1955) ("The purpose of Section 605 is generally said to be to protect the 'means' of interstate communication" (footnote omitted)), *aff'd,* 351 U.S. 916, 76 S.Ct. 709, 100 L.Ed. 1449 (1956) (per curiam).

Indeed, in her complaint Pavlak alleged federal jurisdiction under section 207 of the Federal Communications Act for violation of 47 U.S.C. §§ 207 and 605. That the calls may have been made within one state does not prevent the application of the Federal Communications Act and of its statute of limitations, § 415(b).

Pavlak's more substantial argument is that even if § 415(b) bars her claims under the Federal Communications Act, it should not be applied to her other civil rights claims against Mountain States arising from the same facts.

Most civil rights actions are based solely on violations of various provisions of the Civil Rights Act, which does not contain a statute of limitations. In those cases, therefore, the federal courts usually look to state law for the most analogous state statute of limitations. In *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court explained:

> Since there is no specifically stated *or otherwise relevant federal statute of limitations* for a cause of action under § 1981, the controlling period would *ordinarily* be the most appropriate one provided by state law.

*Id.* at 462, 95 S.Ct. at 1721 (emphasis added). Here, however, a federal statute of limitations, 47 U.S.C. § 415(b), specifically addresses this violation of Pavlak's rights. We then face the question of whether to apply that statute to Pavlak's civil rights claims not brought under the Federal Communications Act, or to apply the state statute.

In another case involving multiple causes of action against a telephone company for participating in wiretapping, a district court in our circuit has held that § 415(b) applies to all of the plaintiff's claims against the phone company. *Cole v. Kelley,* 438 F.Supp. 129, 145 (C.D.Cal.1977).

*Cole* was decided properly. Where a federal statute of limitations is directly applicable to the facts, is the most analogous statute of limitations, and pro-

vides a reasonable opportunity to present civil rights claims, it is the proper statute of limitations to be applied. *See Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive.... The implied absorption of State statutes of limitation within the interstices of the federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination within the general framework of familiar legal principles.").

Pavlak argues that to bar her claims under Titles 42 and 18 U.S.C. "would be to ignore the clear intent of 42 U.S.C. [§] 1988." That statute provides in relevant part:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

This provision does not preclude application of an appropriate federal statute of limitations to civil rights claims under Titles 42 or 18 U.S.C. Applying § 415(b) does not bar, defeat, or inhibit the *timely* assertion of civil rights claims. Here, counsel cannot claim any surprise or unfairness from the application of the statute. In a published opinion, a district court in this circuit has decided the issue in the same manner. *Cole v. Kelley,* 438 F.Supp. 129, 145 (C.D.Cal.1977).

Pavlak finally argues that although the two year statute of limitations in § 415(b) is applied, if the limitations period runs from when she discovered her cause of action against Mountain States, and if the statute is tolled consistent with the Supreme Court's opinions in *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. ——, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and *Chardon v. Soto,* 462 U.S. ——, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983), two years did not elapse before filing her claim.

■ The statute of limitations does not begin to run in a suit alleging covert wiretapping such as this until the aggrieved person discovers or, by the exercise of due diligence could have discovered, the basis of the cause of action. *Brown v. American Broadcasting Co., Inc.,* 704 F.2d 1296, 1304 (4th Cir.1983); *Smith v. Nixon,* 606 F.2d 1183, 1190 (D.C.Cir.1979); *Awbrey v. Great Atlantic and Pacific Tea Co.,* 505 F.Supp. 604, 609 (N.D.Ga.1980); *Alioto v. Holtzman,* 54 F.R.D. 602, 604 (E.D.Wis.1972); *see Nichols v. Hughes,* 721 F.2d 657, 659 (9th Cir.1983).

The wiretapping apparently ceased before March 28, 1977. In her district court briefs, Pavlak admitted that her cause of action accrued not later than April 26, 1977. Here she argues that she did not discover that she might have a cause of action against this particular defendant, Mountain States, until May 23, 1978, when Mountain States was added as a defendant in the related class action suit. Mountain States challenges this assertion.

■ Whether Pavlak should have through reasonable diligence recognized her cause of action against Mountain States earlier is a question of fact, and whether Mountain States' involvement was concealed by the other defendants is relevant to such an inquiry on remand. *See Richards v. Mileski,* 662 F.2d 65, 69–70 (D.C.Cir. 1981); *Fitzgerald v. Seamans,* 553 F.2d 220 (D.C.Cir.1977).

■ We hold that the 47 U.S.C. § 415(b) two year statute of limitations applies to all

of Pavlak's claims against Mountain States, and that the effect here of tolling pending certification in the related class suit is to suspend the running of the statute, rather than to renew it. *Cf. Chardon v. Soto,* 462 U.S. ——, 103 S.Ct. 2611, 2618 n. 13, 77 L.Ed.2d 74 (1983). We remand for findings on when Pavlak discovered or should have discovered the basis of her claim against Mountain States and for further proceedings consistent with this opinion and the Supreme Court's opinions in *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. ——, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and *Chardon v. Soto,* 462 U.S. ——, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983).

The parties are requested to submit revised memoranda respecting the award of attorney's fees and costs in light of this disposition.

REMANDED.