**In re CASES FILED BY DIRECTV, INC.**

Nos. CV 03–00967–PHX (HRH); CV 03–00968–PHX (HRH); CV 03–00971–PHX (HRH); CV 03–00972–PHX (HRH); CV 03–00973–PHX (HRH); CV 03–00976–PHX (HRH); CV 03–00977–PHX (HRH); CV 03–00978–PHX (HRH); CV 03–00981–PHX (HRH); CV 03–00982–PHX (HRH); CV 03–00989–PHX (HRH); CV 03–00993–PHX (HRH); CV 03–00999–PHX (HRH); CV 03–01002–PHX (HRH); CV 03–01774–PHX (HRH); CV 03–01776–PHX (HRH); CV 03–01794–PHX (HRH); CV 03–02147–PHX (HRH); CV 03–02181–PHX (HRH); CV 03–02182–PHX (HRH); CV 03–02450–PHX (HRH); CV 04–00172–PHX (HRH); CV 04–00177–PHX (HRH); CV 04–00180–PHX (HRH); CV 04–00182–PHX (HRH); CV 04–00184–PHX (HRH); CV 04–00185–PHX (HRH); CV 04–00193–PHX (HRH); CV 04–00196–PHX (HRH); CV 04–00502–PHX (HRH); CV 04–00503–PHX (HRH); CV 04–00504–PHX (HRH); CV 04–00505–PHX (HRH); CV 04–00507–PHX (HRH); CV 04–00508–PHX (HRH); CV 04–00509–PHX (HRH); CV 04–00664–PHX (HRH); CV 04–00665–PHX (HRH); CV 04–00805–PHX (HRH); CV 04–00807–PHX (HRH); CV 04–00808–PHX (HRH); CV 04–00809–PHX (HRH); CV 04–00810–PHX (HRH); CV 04–00812–PHX (HRH); CV 04–00813–PHX (HRH); CV 04–00814–PHX (HRH); CV 04–00815–PHX (HRH); CV 04–00816–PHX (HRH); CV 04–00817–PHX (HRH); CV 04–00818–PHX (HRH); CV 04–00819–PHX (HRH); CV 04–00821–PHX (HRH); CV 04–00822–PHX (HRH); CV 04–00828–PHX (HRH); CV 04–00829–PHX (HRH); CV 04–00832–PHX (HRH); CV 04–00835–PHX (HRH); CV 04–00836–PHX (HRH); CV 04–00837–PHX (HRH); CV 04–00840–PHX (HRH); CV 04–00842–PHX (HRH); CV 04–00844–PHX (HRH); CV 04–00850–PHX (HRH); CV 04–00851–PHX (HRH); CV 04–00852–PHX (HRH); CV 04–00853–PHX (HRH); CV 04–00854–PHX (HRH); CV 04–00856–PHX (HRH); CV 04–01374–PHX (HRH); CV 04–01898–PHX (HRH); CV 04–01899–PHX (HRH); CV 04–02040–PHX (HRH); CV 03–02180–PCT (HRH); CV 04–00181–PCT (HRH); CV 04–00194–PCT (HRH); CV 04–00841–PCT (HRH); CV 04–00846–PCT (HRH); CV 04–00044–TUC (HRH); CV 04–00045–TUC (HRH); CV 04–1153–TUC (HRH); CV 04–00202–TUC (HRH); CV 04–00203–TUC (HRH); CV 04–00204–TUC (HRH); CV 04–00205–TUC (HRH); CV 04–00207–TUC (HRH).

United States District Court,
D. Arizona.

Nov. 9, 2004.

Barbara J. Dawson, Matthew Paul Fischer, III, Melissa Mae Beilke Krueger, Snell & Wilmer LLP, Phoenix, AZ, for Plaintiff.

## ORDER

HOLLAND, District Judge.

### GENERAL ORDER NO. 3

*This Order Pertains to the Following Related Cases:*

*Motions to Dismiss; Statutes of Limitations Issues*

Defendants Michael and Zahecha Redfern move the court to dismiss all of plaintiff DirecTV's claims as barred by the applicable statutes of limitations.[1] This

---

1. Clerk's Docket No. 7 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

### PROCEDURAL BACKGROUND

Defendants Michael and Zahecha Redfern were previously named as defendants in a related case, *DirecTV, Inc. v. Long*, CV 03–0991–PHX (HRH), which was filed on May 23, 2003. On March 4, 2004, Judge Martone entered an order "dismissing all defendants except Defendants Long, without prejudice to newly filed, separate lawsuits against the dismissed defendants." [3]

On April 26, 2004, plaintiff DirecTV, Inc. ("DirecTV"), filed a complaint against defendants Kevin Talley and Michael and Zahecha Redfern, alleging violations of 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4), 18 U.S.C. § 2511, and 18 U.S.C. § 2512.[4] The claims all arise out of defendants' alleged illegal use of equipment designed to permit viewing of DirecTV's satellite programming without authorization or payment. The Redferns did not file an answer to DirecTV's complaint. Instead, on June 14, 2004, defendants Redfern filed their motion to dismiss all of DirecTV's claims as barred by the applicable statutes of limitations.

This case is one of many civil cases filed by DirecTV in Arizona involving the alleged unlawful interception of satellite programming. These related cases are being jointly managed by the court but are not consolidated. The court has issued several case management orders ("CMO") regarding the jointly managed cases ("JMC").

Case Management Order No. 1 ("CMO–1") stayed motion practice in the JMC.[5] In Case Management Order No. 6 ("CMO–6"), filed June 29, 2004,[6] the court lifted the stay on motion practice in the 2003 JMC and stayed motion practice in the 2004 JMC, subject to limited exceptions including joinder in motion practice commenced in one of the 2003 JMC. By minute order dated June 29, 2004,[7] the court lifted the stay on motion practice in all of the JMC for the limited purpose of entertaining the Redferns' motion to dismiss.

CMO–7, dated August 24, 2004,[8] set forth the schedule for disposition of statute of limitations legal issues, and required all JMC defendants wishing to join the Redferns' motion to file notices of joinder by September 15, 2004. CMO–7 further provides:

> (4) The foregoing joinders may, if necessary, supplement the Redfern memoranda; but, in so doing, parties are to bear in mind that this *joint* motion practice is directed only at legal issues, not case-specific, fact issues. There will have to be case-specific determinations of whether or not the statutes of limitations have run in each case; but, as already suggested, the legal principles that underlie such case-specific determinations are likely to be the same in all of the JMC, and will be addressed only once. If joinders in the Redfern

---

2. Clerk's Docket No. 10 in *Talley*, No. CV–04–0829–PHX (HRH).

3. Order at 2 (Mar. 4, 2004), Clerk's Docket No. 56 in *DirecTV, Inc. v. Long*, CV 03–0991–PHX (HRH).

4. Clerk's Docket No. 1 in *Talley*, No. CV–04–0829–PHX (HRH).

5. CMO–1 at 5 (Mar. 18, 2004).

6. Clerk's Docket No. 9 in *Talley*, No. CV–04–0829–PHX (HRH).

7. Clerk's Docket No. 8 in *Talley*, No. CV–04–0829–PHX (HRH).

8. Clerk's Docket No. 12 in *Talley*, CV–04–0829–PHX (HRH).

motion add substantive, legal arguments beyond those presented by the Redfern motion, plaintiff may serve and file in *DirecTV v. Talley*, No. CV A04–0829–PHX (HRH), a further response addressing those additional issues no later than September 30, 2004.[9]

Forty-eight defendants [10] timely filed notices of joinder, including defendants Mark and Christine Savin who filed a supplemental memorandum [11] moving the court to dismiss plaintiff's claims under A.R.S. § 13–3008(A) and request attorney fees under A.R.S. § 12–731(A)(c)(4).[12]

Because the Savins' supplemental memorandum raised legal issues beyond those presented by the Redfern motion, plaintiff had until September 30, 2004, to serve and file a further response addressing those issues pursuant to CMO–6. Plaintiff did not file a response to the Savins' motion to dismiss plaintiff's claims under A.R.S. §§ 13–3008(A) and 12–731(A).

## APPLICABLE LEGAL STANDARD

Although defendants do not cite a legal standard in their motion to dismiss, the applicable legal standard is that of a motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. A claim may be dismissed pursuant to Rule 12(b)(6) "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

**9.** *Id.* at 3–4.

**10.** Defendant Kevin Talley, *DirecTV, Inc. v. Talley*, CV 04–0829–PHX (HRH); Jarod Havel, *DirecTV, Inc. v. Bush*, CV 03–0999–PHX (HRH); Mark Koehler, *DirecTV, Inc. v. Koehler*, CV 03–1774–PHX (HRH); Robert and Doreen Podczerwinski, *DirecTV, Inc. v. Podczerwinski*, CV 03–0973–PHX (HRH); Craig and Kimberly Tainsky, *DirecTV, Inc. v. Tainsky*, CV 04–0193–PHX (HRH); Chris and Deana Williams, *DirecTV, Inc. v. Williams*, CV 04–0852–PHX (HRH); Earl Young, *DirecTV, Inc. v. Young*, CV 04–0840–PHX (HRH); Judy Meyers and Steve Meyers, *DirecTV, Inc. v. Myers*, CV 04–0665–PHX (HRH); William and Amy Miller, *DirecTV, Inc. v. Miller*, CV 04–0846–PHX (HRH); Devin Esquibel and Melissa Scharbach, *DirecTV, Inc. v. Esquibel*, CV 04–0664–PHX (HRH); Christopher A. Hulme, *DirecTV, Inc. v. Hulme*, CV 04–0205–TUC (HRH); James and Sylvia Grange, *DirecTV, Inc. v. Grange*, CV 04–0203–TUC (HRH); Bradley Matz, *DirecTV, Inc. v. Matz*, CV 04–0814–PHX (HRH); David and Sharon Oliver, *DirecTV, Inc. v. Oliver*, CV 03–0995–PHX (HRH); Richard and Marjorie Kornburger, *DirecTV, Inc. v. Kornburger*, CV 04–0822–PHX (HRH); Stephen S. Martin, *DirecTV, Inc. v. Martin*, CV 04–0813–PHX (HRH); Mark and Christine Savin, *DirecTV, Inc. v. Savin*, CV 04–0835–PHX (HRH); Kenneth and Erien Hanten, *DirecTV, Inc. v. Hanten*, CV 04–0828–PHX (HRH); Robert C. and Kristin M. Huggins (*DirecTV, Inc. v. Bush*, CV 03–0999–PHX (HRH)), Michael and Cindy Montgomery (*DirecTV, Inc. v. Montgomery*, CV 03–2180–PHX (HRH)), Thomas and Teresa Duzy (*DirecTV, Inc. v. Duzy*, CV 04–0509–PHX (HRH)), Stanley and Leanna Kudish (*DirecTV, Inc. v. Kudish*, CV 04–0821–PHX (HRH)), and Joseph and Jean Koenig, *DirecTV, Inc. v. Koenig*, CV 04–0829–PHX (HRH) all filing in *DirecTV, Inc. v. Talley*, CV 04–0829–PHX (HRH); Richard and Carolyn Tirendi, *DirecTV, Inc. v. Tirendi*, CV 03–0971–PHX (HRH); Robert and Sally Hilow, *DirecTV, Inc. v. Hilow*, CV 04–0816–PHX (HRH); Jeffrey and Minnie Jo Shoults, *DirecTV, Inc. v. Shoults*, CV 04–0505–PHX (HRH); Donald Hixon, *DirecTV, Inc. v. Hixon*, CV 04–0807–PHX (HRH); and Ernest and Tammy Falgout, *DirecTV, Inc. v. Falgout*, CV 04–1898–PHX (HRH).

**11.** Clerk's Docket No. 16 in *DirecTV, Inc. v. Savin*, CV 04–0835–PHX (HRH).

**12.** Defendants Kenneth and Erien Hanten filed a notice of joinder in the Savins' motion to dismiss plaintiff's claims under A.R.S. §§ 13–3008(A) and 12–731(A), although plaintiff did not allege any state claims against the Hantens. *See* Notice of Joinder, Clerk's Docket No. 16 in *DirecTV, Inc. v. Hanten*, CV 04–0828–PHX (HRH).

which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In deciding a motion to dismiss, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Id.* "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988)).

"Dismissal on statute of limitations grounds can be granted pursuant to Fed. R.Civ.P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)).

## DISCUSSION

Defendants move the court to dismiss plaintiff's claims pursuant to 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4), 18 U.S.C. § 2511, and 18 U.S.C. § 2512[13] on the grounds that they are barred by the applicable statutes of limitations.[14] Plaintiff opposes the motion.[15]

Plaintiff alleges the court must deny defendants' motion to dismiss for three reasons: (1) the filing date for the underlying complaint relates back to the date of the complaint originally filed against defendants in *DirecTV v. Long*, CV 03–0991–PHX (HRH); (2) the issue of whether the applicable statutes of limitations have been tolled has not been decided; and (3) defendants' motion requires the court to make factual determinations that are left open by DirecTV's complaint. In particular, plaintiff alleges that the accrual date for defendants' violations and the issue of whether defendants' conduct is ongoing are factual issues that must be resolved in discovery.

### Does Plaintiff's Second Complaint against Defendants Relate Back to Its First Complaint, Which Was Dismissed for Misjoinder?

■ Without citing any controlling authority, plaintiff alleges that "[a]s a matter of law, the filing date for this complaint relates back to the filing date of the original complaint."[16] "Relation back" is governed by Rule 15(c), Federal Rules of Civil Procedure, which provides that, in some circumstances, an amended pleading may relate back for purposes of the statute of limitations to the time when the original pleading was filed. Here, the court does not have an amended complaint before it.

Plaintiff does not cite a single case applying the doctrine of relation back where, as here, a plaintiff filed a complaint in federal court that was dismissed for improper joinder, and then filed a new complaint against the same defendant in the same forum. Instead, plaintiff cites two cases where courts granted motions to sever, specifically stating that the refiled complaints would relate back to the dates of the originally filed complaints. *Graziose v. American Home Prods. Corp.*, 202 F.R.D.

---

**13.** Defendants' motion as to plaintiff's claim under 18 U.S.C. § 2512(1)(b) is moot. By General Order No. 2 (Oct. 25, 2004), this court dismissed plaintiff's claims pursuant to 18 U.S.C. § 2512(1)(b) in all of the JMC.

**14.** Clerk's Docket No. 7 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

**15.** Clerk's Docket No. 10 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

**16.** Response at 5, Clerk's Docket No. 10 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

638 (D.Nev.2001); *McClelland v. Azrilyan,* 31 F.Supp.2d 707 (W.D.Mo.1998). These cases are inapplicable here because DirecTV's initial complaint against defendants was dismissed, not severed, and the order dismissing the complaint did not provide for relation back.

Judge Martone's order dismissing all but the first named defendants in the original complaint expressly denied plaintiff's motion to sever rather than dismiss defendants.[17] In his order, Judge Martone stated that he was following Judge Bolton's order of February 27, 2004, which denied DirecTV's request that the court clarify that the "new complaints filed against the dropped Defendants will relate back to the filing date of the original complaint."[18] Judge Bolton's order states in pertinent part:

> before filing suit in this Court, DirecTV filed numerous similar lawsuits in district courts across the country. Misjoinder of parties was found in many of these suits. As one court observed, "when DirecTV filed these lawsuits it was aware (or at least it should have been aware) that its strategy of joining unrelated defendants in the same lawsuit would be dismissed for improper joinder under Rule 21." *DIRECTV v. Patel,* 2003 WL 22669031 (N.D.Ill.2003). Similarly, statute of limitations issues have been raised in other courts, and DirecTV should have been aware that its claims could be time-barred and might be dismissed.[[19]]

Judge Bolton's order further provided that "DirecTV is free to argue in each case that the filing date of the new complaint should relate back to the date of the originally filed complaints or that the statute of limitations should be equitably tolled under the circumstances."[20]

DirecTV has not provided the court with any authority nor grounds for applying the relation back doctrine in this case. The court concludes that, as a matter of law, plaintiff's complaint against the Redferns does not relate back to the date of the original complaint.

### Is Plaintiff Entitled to the Benefit of the Doctrine of Equitable Tolling?

Plaintiff next argues that defendants' motion should be denied because the issue of whether the applicable statutes of limitations were tolled has not been resolved. The doctrine of equitable tolling is generally read into every federal statute of limitations. *Fajardo v. INS,* 300 F.3d 1018, 1020 n. 3 (9th Cir.2002). Here, because of the conclusions we reach on defendants' affirmative contention that plaintiff's second amended complaint is untimely, we need not reach the issue of the tolling of an expired limitations period.

### Had the Applicable Statute of Limitations Expired when Plaintiff's Second Amended Complaint was filed against the Defendants?

■ Plaintiff next argues that defendants' motion to dismiss must be denied because the accrual date for defendants' violations and the issue of whether defendants' conduct is ongoing raise questions of fact that go beyond plaintiff's complaint. These arguments are addressed below in relation to plaintiff's individual claims.

---

17. Order (Mar. 4, 2004), Clerk's Docket No. 56 in *DirecTV, Inc. v. Long,* CV 03–0991–PHX (HRH).

18. Order at 2 (Feb. 27, 2004), Clerk's Docket No. 92 in *DirecTV, Inc. v. Simms,* CV–03–0985–PHX (SRB).

19. *Id.* at 5.

20. *Id.* at 6.

Plaintiff's complaint sets forth the following dates which are relevant to the court's discussion:

12. On or about May 25, 2001, DirecTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major distributors of Pirate Access Devices, including, among others, DSS–Stuff.

.    .    .    .    .

15. On or about December 1, 2001, DirecTV conducted a raid and executed Writs of Seizure with the assistance of the United States Marshals on the business and residence of Scott Gray, who owned and operated The Computer Shanty ("Shanty").

.    .    .    .    .

18. The business records obtained during these raids reflect that Defendants purchased one or more Pirate Access Devices from DSS–Stuff, and Shanty.

.    .    .    .    .

26.a. On or about April 13, 2001, Defendant Redfern purchased one (1) "Netsignia 210 Programmer" from Shanty. The order was shipped to Defendant Redfern at Defendants' address in Chandler, Arizona.

26.b. On or about April 14, 2001, Defendant Redfern purchased one (1) "Terminator SU2 Unlooper no/case" from DSS–Stuff. The order was shipped to Defendant Redfern at Defendants' address in Chandler, Arizona.[21]

As previously explained, plaintiff first filed suit against defendants Redfern in *DirecTV, Inc. v. Long,* CV–03–0991–PHX (HRH), on March 23, 2003. Plaintiff's complaint was dismissed as to these defendants on March 4, 2004, and this suit was filed against the defendants on April 26, 2004. The Redferns were served with the second complaint on May 24, 2004.

*Claim Pursuant to 18 U.S.C. § 2511* [22]

The court first considers whether plaintiff's third cause of action, based upon 18 U.S.C. § 2511 is, as defendants contend, barred by the applicable statute of limitations.

Count three of plaintiff's complaint alleges that defendants violated 18 U.S.C. § 2511, and specifically states:

41. Defendants intentionally intercepted, endeavored to intercept, or procured other persons to endeavor to intercept, DirecTV Satellite Programming in violation of 18 U.S.C. § 2511. In further violation of 18 U.S.C. § 2511, Defendants used the contents of DirecTV Satellite Programming, knowing or having a reason to know that the Satellite Programming was obtained improperly.[23]

Plaintiff's complaints in the other JMC make the same claim, usually but not always as plaintiff's third cause of action.

Although plaintiff's complaint does not cite a particular subsection of 18 U.S.C.

---

**21.** Complaint at 4–8, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley,* No. CV–04–0829–PHX (HRH).

**22.** Plaintiff's complaint asserts as a fourth cause of action a claim based upon 18 U.S.C. § 2512; and defendants argue here that this cause of action is also time-barred. This court has ruled in the JMC that 18 U.S.C. § 2520(a) does not create a private civil right

of action against a person who possesses a device in violation of § 2512(1)(b). General Order No. 2 (Oct. 25,2004), Clerk's Docket No. 2.1 in *DirecTV, Inc. v. Talley,* No. CV–04–0829–PHX (HRH).

**23.** Complaint at 11, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley,* No. CV–04–0829–PHX (HRH).

§ 2511, it appears that subsections 2511(1)(a) and possibly (d) are at issue. Subsections 2511(1)(a) and (d) provide:

> (1) Except as otherwise specifically provided in this chapter any person who—
>
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication [or]
>
> .     .     .     .     .
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . .
>
> .     .     .     .     .
>
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in sub-section (5).

Plaintiff's civil action for damages is created by 18 U.S.C. § 2520(a), which provides:

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

It is undisputed that a civil action under 18 U.S.C. § 2520(a) "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). The court must first consider when plaintiff's claims under § 2511(1)(a) and (d) accrued.

"Unless a statute provides otherwise, the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, which occurs as soon as the right to institute and maintain a suit arises." 54 C.J.S. *Limitations of Actions* § 81 (1987). Some limitation statutes also incorporate a "discovery rule." "The general [discovery] rule applicable to federal statutes of limitations is that the limitation period begins to run when the claimant discovers or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violation." 54 C.J.S. *Limitations of Actions* § 87 (1987). As quoted above, 18 U.S.C. § 2520(e) expressly incorporates such a discovery rule.

Defendants argue that the latest date upon which DirecTV had a "reasonable opportunity to discover" defendants' alleged violations was December 1, 2001, the date of the second raid during which DirecTV obtained business records reflecting defendants' purchase of one or more "pirate access devices" from DSS–Stuff and Shanty. Defendants further argue that because plaintiff filed its second complaint on April 26, 2004, "more than two years after DirecTV had a reasonable opportunity to discover the violation," the statute of limitations set forth in 18 U.S.C. § 2520(e) bars plaintiff's claims under 18 U.S.C. § 2511.[24]

Plaintiff argues that defendants' motion to dismiss must be denied because the accrual date for plaintiff's claim under 18 U.S.C. § 2511 is a question of fact that must be developed through discovery. Plaintiff further argues that contrary to defendants' allegation, "[t]he accrual date

---

24. Motion to Dismiss at 2, Clerk's Docket No. 7 in *DirecTV, Inc. v. Talley,* No. CV–04–0829–PHX (HRH).

may be much later than December 1, 2001," because "DirecTV needed additional time to analyze the records it received from the raids and investigate defendants for other indicia of piracy prior to bring[ing] this lawsuit."[25]

In *DirecTV v. Gruenemeier*, CV 03–0968–PHX (HRH), one of the JMC, Judge Martone previously ruled that DirecTV first had a reasonable opportunity to discover defendants' alleged violation on the day DirecTV executed writs of seizure. Judge Martone's order states in pertinent part:

> DirecTV's cause of action accrued on the day it executed writs of seizure. Once the writ was executed, DirecTV knew from records seized who had purchased equipment which could intercept DirecTV's broadcast.[[26]]

Judge Martone's ruling is supported by several recent decisions in other cases filed by DirecTV. In *DIRECTV Inc. v. Brady*, 2004 WL 1752853 (E.D.La. Aug.4, 2004), the court found:

> as a matter of law that the latest possible date when plaintiff had reasonable opportunity to discover the alleged violations is the date on which the writs of seizure were executed ("the raids"), which then led to plaintiff's receipt of business records and the discovery of the defendants' identities and their violations.

*Id.* at \*5. *See also, DirecTV, Inc. v. Weiss*, 2004 WL 1774621, \*3 (E.D.Pa.2004) (DirecTV had reasonable opportunity to discover the violations on the date of the raids); *DirecTV, Inc. v. Thomas*, 329 F.Supp.2d 949, 953–54 (E.D.Mich.2004) (DirecTV had reasonable opportunity to discover defendants' violations when Trone disclosed White Viper's records, detailing defendants' purchases of unlawful pirate access devices).

This court agrees that plaintiff had a reasonable opportunity to discover defendants' purchases of devices on the date plaintiff obtained the business records revealing such purchases. However, the gravamen of plaintiff's claims under 18 U.S.C. § 2511(1)(a) and (d) is defendants' alleged unauthorized interception and use of plaintiff's satellite programming, not defendants' purchase of unlawful devices.

Based on the plain language of 18 U.S.C. § 2520(e), this court concludes that the two-year limitations period set forth in § 2520(e) begins to run when the plaintiff has a reasonable opportunity to discover "*the* violation" that is the subject matter of its claim. 18 U.S.C. § 2520(e) (emphasis added). The subject matter of plaintiff's claim under 18 U.S.C. § 2511(1)(a) and (d) is defendants' alleged unauthorized interception[27] and use of DirecTV's satellite programming, not defendants' purchases of devices.

The issue of when plaintiff first had a reasonable opportunity to discover defendants' violation of 18 U.S.C. § 2511(1)(a) and (d), *i.e.*, defendants' unauthorized interception and use of plaintiff's satellite programming, presents questions of fact which cannot be decided on defendants' motion to dismiss. "In determining when an action has accrued under a discovery-based statute of limitations, '[t]he question

---

**25.** Response at 3, Clerk's Docket No. 10 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

**26.** Order at 2–3 (Nov. 17, 2003), Clerk's Docket No. 32 in *DirecTV, Inc. v. Gruenemeier*, CV 03–0968–PHX (HRH).

**27.** 18 U.S.C. § 2510(4) defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."

of when [the alleged wrongdoing] was or should have been discovered is a question of fact.'" *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir.1992) (quoting *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir.), *cert. denied*, 469 U.S. 932, 105 S.Ct. 329, 83 L.Ed.2d 265 (1984)) (internal citations and quotations omitted). Plaintiff's complaint alleges that plaintiff obtained business records during the raids conducted on May 25, 2001, and December 1, 2001, which revealed that "[d]efendants purchased one or more Pirate Access Devices from DSS–Stuff, and Shanty."[28] The record has not been developed on the issue of when plaintiff had a reasonable opportunity to discover defendants' alleged unauthorized interception and use of plaintiff's satellite programming.

Defendants' motion to dismiss plaintiff's claim under 18 U.S.C. § 2511 is denied, with the express reservation that, after the case is developed through discovery, the statute of limitations issue may be raised again on summary judgment.

Without citing any controlling authority, plaintiff also argues that the statute of limitations will not bar DirecTV's claims if DirecTV is able to prove that defendants continue to violate 18 U.S.C. § 2511. While the court's research has not produced a Ninth Circuit decision on point, the court concludes that "[e]ach violation of 18 U.S.C. § 2511 gives rise to a discrete cause of action under 18 U.S.C. § 2520 and triggers its own limitations period." 1 *Causes of Action (Second)* 499, § 16 (2003); *see, e.g., Fultz v. Gilliam*, 942 F.2d 396, 402 (6th Cir.1991) (each unlawful use of tapes constitutes a separate violation of § 2511 subject to a new limitations period);

*Lombardo v. Forbes*, 192 F.Supp.2d 893, 899 (N.D.Ind.2002) (ordinarily additional disclosures of contents of unlawfully intercepted communications constitutes additional causes of action under § 2511). Thus, there is a second level of fact inquiry relevant to the question of whether the statute of limitations has run on plaintiff's claims based upon violation of 18 U.S.C. § 2511.

### Claims Pursuant to 47 U.S.C. §§ 605(a) and 605(e)(4)

The court next considers whether plaintiff's first and second causes of action based upon 47 U.S.C. §§ 605(a) and 605(e)(4) are barred by the applicable statute of limitations.

Plaintiff's first cause of action alleges that defendants "intercepted and received, and/or assisted others in intercepting and receiving, DirecTV's Satellite Programming without authorization through the purchase and use of illegal Pirate Access Devices in violation of 47 U.S.C. § 605(a)."[29] Plaintiff's second cause of action alleges:

36. Upon information and belief, Defendants knowingly manufactured, assembled, modified, sold or distributed an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity. Upon information and belief, Defendants actively programmed and reprogrammed DirecTV Access Cards and designed electronic systems for use in surreptitiously obtaining DirecTV Satellite Programming.

**28.** Complaint at 6, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

**29.** Complaint at 9, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DirecTV Receivers, Defendants engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming. Such conduct by Defendants violates 47 U.S.C. § 605(e)(4).[30]

Plaintiff's complaints in the other JMC make the same claims, usually but not always in the first and second causes of action.

Title 47, United States Code, subsection 605(a), provides in pertinent part:

No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.

Subsection 605(e)(4) provides in relevant part:

Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined. . . .

Plaintiff's private cause of action is created by 47 U.S.C. § 605(e)(3)(A), which provides:

Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.

■ The Federal Communications Act ("FCA") of 1934, as amended, does not provide a statute of limitations for actions under 47 U.S.C. § 605. Where a federal statute fails to provide any limitations period, the court generally borrows the limitations period from the most closely analogous state statute. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). A closely circumscribed and narrow exception to this general rule allows borrowing from analogous federal law when the arguably relevant state limitations periods "would frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of federal substantive law." *Id.* at 34, 115 S.Ct. 1927 (internal citations and quotations omitted).

Here, the parties disagree as to whether a one-year state or a three-year federal statute of limitations should apply to violations of 47 U.S.C. § 605. Defendants allege that because Arizona's cable and satellite theft statute, A.R.S. § 13–3710, is analogous to 47 U.S.C. § 605, the court should apply the one-year statute of limitations applicable to violations of A.R.S. § 13–3710[31] to DirecTV's claims under 47 U.S.C. § 605.

Plaintiff argues that Arizona's limitations period should not be applied because "Arizona's piracy statutes do not mirror those of the FCA" and "Arizona's one-year statute of limitation[s] for its piracy statu[t]es does not allow adequate time for aggrieved parties to investigate and bring claims within the appropriate time peri-

---

30. Complaint at 10–11, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

31. It is undisputed that the one-year limitations period set forth in A.R.S. § 12–541(5) applies to violations of A.R.S. § 13–3710.

od." [32] Plaintiff further suggests that the court follow the Fifth Circuit and apply the three-year statute of limitations in the Copyright Act to claims under 47 U.S.C. § 650. *Prostar v. Massachi,* 239 F.3d 669 (5th Cir.2001).

In *Prostar v. Massachi,* 239 F.3d 669 (5th Cir.2001), the Fifth Circuit held that "the three-year limitations period articulated in the Copyright Act governs [plaintiff's] FCA claims." *Id.* at 678. The Fifth Circuit initially found that the tort of conversion provided the closest state-law analogue to plaintiff's claims under 47 U.S.C. § 605, but declined to apply the limitations period under Louisiana conversion law to claims brought under 47 U.S.C. § 605 because the "application of state conversion law in each of the fifty states would result in widely varying limitations periods" and undermine the implementation of the FCA. *Id.* at 676.

More recently, however, the Third Circuit held that the two-year statute of limitations period applicable to Pennsylvania's piracy statutes governed claims under 47 U.S.C. § 650. *Kingvision Pay–Per–View v. 898 Belmont, Inc.,* 366 F.3d 217 (3d Cir.2004). The Third Circuit acknowledged that "federal district courts have applied the federal limitations period under the Copyright Act to FCA claims when the only state law from which to borrow a limitations period was a general conversion law," but that such cases are not determinative where a more analogous state statute exists. *Id.* at 223. The court found that since Pennsylvania's piracy statute parallels the FCA, the state piracy statute, rather than the Copyright Act, is the appropriate source from which to borrow a statute of limitations. *Id.* at 225.

The only applicable Ninth Circuit case this court's research has produced is *Pavlak v. Church,* 727 F.2d 1425 (9th Cir. 1984). In *Pavlak,* a plaintiff brought claims under 42 U.S.C. §§ 1983, 1985, and 1986, 18 U.S.C. § 2520, and 47 U.S.C. § 605 against a telephone company for participating in illegal wiretapping. The Ninth Circuit held that the two-year statute of limitations provided in 47 U.S.C. § 415(b) applied to all of plaintiff's claims against the phone company, including her claim of unlawful interception under 47 U.S.C. § 605. *Id.* at 1428–1429. The plain language of 47 U.S.C. § 415(b) provides that "[a]ll complaints against carriers for the recovery of damages not based on over-charges shall be filed with the Commission within two years from the time the cause of action accrues." Because *Pavlak* involved claims against a "carrier," it is not clear whether the Ninth Circuit would have applied the two-year statute of limitations in § 415(b) to all of plaintiff's claims, including her claim under 47 U.S.C. § 605, if the defendant had not been a carrier.

Because the "lender of first resort" is analogous state law when a federal statute fails to provide a limitations period for a cause of action, this court first compares Arizona's piracy statutes with 47 U.S.C. § 605. *North Star,* 515 U.S. at 34, 115 S.Ct. 1927.

Arizona Revised Statutes, Section 13–3710, provides in pertinent part:

A. A person who for profit does either of the following is guilty of a class 1 misdemeanor:

1. Knowingly attaches or causes to be attached any device or devices to a television set, videotape recorder or other equipment intended to receive television transmissions or incorporates or

causes to be incorporated any device into a television set, videotape recorder or other equipment intended to receive television transmissions for the purpose of intercepting or decoding any transmission by a duly licensed over-the-air subscription television service which the person is not authorized by the subscription television service to receive and decode.

2. Manufactures, distributes or sells any device, plan or kit for a device capable of intercepting or decoding transmissions by a duly licensed over-the-air subscription television service, with the intention that such device, plan or kit be used for such intercepting or decoding, unless authorized by the over-the-air subscription television service.

Like its federal counterpart, the Arizona law creates a civil cause of action based upon the criminal violations.[33]

Both 47 U.S.C. § 605(a) and A.R.S. § 13–3710(A)(1) prohibit a person not entitled to a signal from pirating a signal or assisting another's piracy of a signal. While 47 U.S.C. § 605(a) refers more generally to the interception of "any radio communication," A.R.S. § 13–3710(A)(1) refers to the interception of transmissions "by a duly licensed over-the-air subscription television service." In addition, both 47 U.S.C. § 605(e)(4) and A.R.S. § 13–3710(A)(2) prohibit the manufacture, distribution, or sale of devices used for the unauthorized interception and decoding of television programming. Subsection 605(e)(4) further prohibits the modification, assembly, importation, and exportation of such devices. While 47 U.S.C. § 605(e)(4) refers to devices used in the "unauthorized decryption of satellite cable programming, or direct-to-home satellite services," A.R.S. § 13–3710(A)(2) refers to devices used in the unauthorized interception or decoding of "transmissions by a duly licensed over-the-air subscription television service." Under both 47 U.S.C. § 605 and A.R.S. § 13–3710, a person who has suffered injury arising out of a violation of the statute are allowed to recover damages, injunctive relief, or both, as well as reasonable attorney fees. Based on the court's analysis, it appears A.R.S. § 13–3710 and 47 U.S.C. § 605 are similar in essence, and that A.R.S. § 13–3710 is a close state-law analogue to 47 U.S.C. § 605 available under Arizona law.

■ While the court acknowledges the general rule of borrowing the statute of limitations from the closest state-law analogue, the court concludes, for the reasons discussed below, that this case warrants the exception of applying a federal limitations period. The United States Supreme Court has recognized the exception to the general rule "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171–172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

■ In *DelCostello,* the Supreme Court declined to borrow a state law limitations period for employee suits against both employer and union under the Labor Management Relations Act because applicable state-law statutes typically provide short times for suit and thus fail to provide an

---

**33.** Pursuant to A.R.S. § 12–731(A), "any person whose wire, oral or electronic communication is intentionally intercepted, disclosed or used in violation of [A.R.S. § 13–3001— § 13–3019] may bring a civil action to recover from the person or entity that engaged in the violation...."

aggrieved employee with a satisfactory opportunity to vindicate his or her rights. *Id.* at 166–168, 103 S.Ct. 2281. Finding that the National Labor Relations Act ("NLRA") provided "an analogy to the present lawsuit more apt than any of the suggested state-law parallels," the Supreme Court held the six-month limitations period of the NLRA applied to plaintiff's claims. *Id.* at 169, 103 S.Ct. 2281.

In *Agency Holding Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), the Supreme Court declined to apply either Pennsylvania's two-year fraud or six-year "catchall" statute of limitations to plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Based on the multi-state nature of RICO claims, the Supreme Court concluded:

> that there is a need for a uniform statute of limitations for civil RICO, that the Clayton Act clearly provides a far closer analogy than any available state statute, and that the federal policies that lie behind RICO and the practicalities of RICO litigation make the selection of the 4–year statute of limitations for Clayton Act actions, 15 U.S.C. § 15b, the most appropriate limitations period for RICO actions.

*Id.* at 156, 107 S.Ct. 2759.

In *North Star Steel*, on the other hand, the Supreme Court held that claims under the Worker Adjustment and Retraining Notification Act ("WARN") fall within the general rule of applying a state law limitations period because "WARN's obligations are triggered by a 'plant closing' or a 'mass layoff' at a 'single site of employment,' 29 U.S.C. §§ 2101(a)(2)-(3), and so, unlike RICO violations, do not 'commonly involve interstate transactions.'" *North*

*Star Steel*, 515 U.S. at 36–37, 115 S.Ct. 1927 (citing *Agency Holding Corp.*, 483 U.S. at 153, 107 S.Ct. 2759).

Given the multi-state nature of actions under the FCA, and specifically under 47 U.S.C. § 605, the court's reasoning in *Agency Holding Corp.* is applicable in this case. As in civil RICO claims, where "some nexus to interstate or foreign commerce is required as a jurisdictional element," *id.* at 153–154, 107 S.Ct. 2759, "[t]he Supreme Court has specifically held that [47 U.S.C.] § 605 applies to purely inter-state communications." *Pavlak v. Church*, 727 F.2d 1425, 1427 (9th Cir.1984) (citing *Weiss v. United States*, 308 U.S. 321, 329, 60 S.Ct. 269, 84 L.Ed. 298 (1939)).

Furthermore, like civil RICO claims, piracy claims under 47 U.S.C. § 605 commonly involve multi-state transactions. This particular case, as well as the rest of the JMC, are indicative of the multi-state nature of actions brought under 47 U.S.C. §§ 605. Plaintiff DirecTV is a California-based company that distributes television broadcasts throughout the United States. The Redfern defendants are residents of Arizona who allegedly intercepted plaintiff's satellite programming by using devices designed for the unauthorized interception of satellite programming. Defendants purchased these devices on the internet from DSS–Stuff and Shanty. Shanty is physically located in El Paso, Texas, but "due to the expansive reach of internet sales," conducts business nationwide and internationally.[34] Moreover, satellite programming is generally transmitted on a national and international scale. Consequently, DirecTV has filed thousands of lawsuits in district courts across the nation alleging essen-

---

**34.** Complaint at 5, Clerk's Docket No. 1 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

tially the same claims as those in the JMC. Here, as in *Agency Holding Corp.*, the multi-state nature of piracy actions under 47 U.S.C. § 605 "indicates the desirability of a uniform federal statute of limitations." *Agency Holding Corp.*, 483 U.S. at 154, 107 S.Ct. 2759.

Because of the multi-state nature of actions under 47 U.S.C. § 605, the "practicalities of litigation" also support a uniform federal rule for civil actions under section 605. Here, as with RICO claims, "there is no comparable single state law analogue" to 47 U.S.C. § 605. *Agency Holding Corp.*, 483 U.S. at 152, 107 S.Ct. 2759. While some states, like Arizona and Pennsylvania, have piracy statutes, many states do not. Consequently, courts have borrowed limitations periods from varied sources, such as state conversion law and the federal Copyright Act. *See, e.g., Prostar v. Massachi*, 239 F.3d 669 (5th Cir. 2001) (Copyright Act's three-year statute of limitations applies to claims under 47 U.S.C. § 605); *Kingvision Pay Per View, Ltd. v. Richard Bowers & George Bowers, Inc.*, 36 F.Supp.2d 915 (two-year statute of limitations governing conversion actions applies to claims for unauthorized interception under § 605); *Kingvision Pay Per View, Ltd. v. Wilson*, 83 F.Supp.2d 914 (W.D.Tenn.2000) (three-year statute of limitations applicable to either a suit in conversion or an action for damages to personal property applies to claims under § 605). Moreover, even states with piracy statutes may apply differing limitations periods. For example, Arizona's piracy statute is governed by a one-year statute of limitations, A.R.S. § 12–541(5), whereas Pennsylvania's piracy statute applies a two-year limitations period. 42 Pa. Cons. Stat. § 5524(7).

Applying a single federal standard would eliminate the practical difficulties of litigating interstate piracy claims and would facilitate the resolution of the national interception issues addressed by the FCA. Here, as in RICO actions, adopting a uniform statute of limitations is required to "avoid intolerable 'uncertainty and time-consuming litigation' " over which limitations period applies to piracy claims under 47 U.S.C. § 605. *Agency Holding Corp.*, 483 U.S. at 150, 107 S.Ct. 2759 (quoting *Wilson v. Garcia*, 471 U.S. 261, 272, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).

The court concludes that the most analogous federal statute to claims under 47 U.S.C. § 605 is the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2521. Both 47 U.S.C. § 605 and 18 U.S.C. § 2511 prohibit the interception of electronic and satellite communications.

Furthermore, the legislative history of both the ECPA and FCA make it clear that Congress intended 47 U.S.C. § 605 and the ECPA to overlap in addressing satellite piracy. *United States v. Lande*, 968 F.2d 907, 912 (9th Cir.1992) (citing 132 Cong. Rec. S. 14452–53) (daily ed. Oct. 1, 1986) ("The penalties provided for in the Electronic Communications Piracy Act are in addition to those which are provided by section [605]"). In fact, the House Report accompanying 1988 amendments to 47 U.S.C. § 605 specifically refers to the application of 18 U.S.C. § 2511 to satellite television piracy. *Lande*, 968 F.2d at 913 (citing H. Rep. No. 887(II), at 14 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5638, 5643) ("In response to the piracy problem, the Federal Communications Commission has increased enforcement efforts under [47 U.S.C. § 605(a)] and Title 18 U.S.Code Section 2511(1), *each of which* prohibit the unauthorized interception and use of satellite and other radio communications") (emphasis added). The similarities in purpose and structure between FCA and ECPA, and the clear legislative intent that FCA and ECPA overlap in addressing satellite

piracy supports applying the two-year statute of limitations in 18 U.S.C. § 2520(e) to plaintiff's claims under 47 U.S.C. § 605(a) and (e)(4). The fact that these two federal remedies were intended to overlap underscores the practical reasonableness of a single federal statute of limitations applicable to civil remedies under both Title 18 and Title 47.

For the reasons stated above, this court concludes that the two-year statute of limitations in 18 U.S.C. § 2520(e) applies to plaintiff's claims under 47 U.S.C. § 605(a) and (e)(4). Having decided a two-year limitations period applies to plaintiff's claims under 47 U.S.C. § 605, the court must next determine when plaintiff's claims under 47 U.S.C. §§ 605(a) and 605(e)(4) accrued.

Again, "[t]he general rule applicable to federal statutes of limitations is that the limitation period begins to run when the claimant discovers or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violation." 54 C.J.S. *Limitation of Actions* § 87 (1987). Furthermore, in a suit alleging claims under 47 U.S.C. § 605, the Ninth Circuit has ruled that the statute of limitations does not begin to run "until the aggrieved person discovers or, by the exercise of due diligence could have discovered, the basis of the cause of action." *Pavlak v. Church*, 727 F.2d 1425, 1428 (9th Cir.1984).

Plaintiff's causes of action under 47 U.S.C. §§ 605(a) and (e)(4) are based upon defendants' alleged unauthorized interception of plaintiff's satellite programming and defendants' knowing manufacture, assembly, modification, sale, or distribution of devices used primarily in the unauthorized decryption of satellite programming, respectively. Mere purchases of potentially offending devices are not enough. Here again, the issue of when plaintiff discovered or, by the exercise of due diligence could have discovered, the basis of its causes of action under 47 U.S.C. § 605(a) and (e)(4) presents questions of fact which cannot be decided on defendants' motion to dismiss. *Pavlak*, 727 F.2d at 1428 ("Whether Pavlak should have through reasonable diligence recognized her cause of action against Mountain States earlier is a question of fact.").

Defendants' motion to dismiss plaintiff's claims under 47 U.S.C. § 605(a) and (e)(4) is denied with the reservation that after the case is developed through discovery, the issue may be raised again on summary judgment.

As previously argued as to 18 U.S.C. § 2511 violations, plaintiff contends that defendants have continued to violate 47 U.S.C. § 605(a) and (e)(4), thus holding the statutes of limitations open as to some, even if not all, violations. Plaintiff's complaint is broad enough to encompass continuing violations of 47 U.S.C. § 605(a) and (e)(4). Plaintiff's complaint requests damages for *each* violation of § 605(a) or § 605(e)(4). The plain language of 47 U.S.C. § 605(e)(C)(I) provides for damages for *each* violation of § 605(a) or § 605(e)(4). Moreover, subsection 605(e)(4) specifically states that "[f]or purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation." Thus, we again have a situation where there is a second level of fact inquiry relevant to the question of whether the statute of limitations has run on plaintiff's claims based upon violations of 47 U.S.C. § 605(a) or 47 U.S.C. § 605(e)(4).

*Claims under A.R.S. §§ 13–3008(A) and 12–731(A)(c)(4)*

In their notice of joinder and supple-

mental memorandum,[35] defendants Mark and Christine Savin move the court to dismiss plaintiff's claim under A.R.S. § 13–3008(A) on the grounds that there is *no* civil private cause of action under A.R.S. § 13–3008(A) and to dismiss plaintiff's request for attorney fees under A.R.S. § 12–731(A)(c)(4) as barred by the applicable statute of limitations. Plaintiff did not file a response to defendants' motion to dismiss plaintiff's claims under A.R.S. §§ 13–3008(A) and 12–731(A).

General motion practice in the 2004 JMC has been stayed.[36] By CMO–7, special provision was made for motion practice in all of the JMC as to the statute of limitations issues raised in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH). The issues raised by the Savin defendants' supplemental memorandum are not germane to the statutes of limitations motion practice dealt with here pursuant to CMO–7. The court declines to address the Savin defendants' contentions at this time.

## CONCLUSION

For the reasons stated above, defendant Michael and Zahecha Redfern's motion to dismiss[37] plaintiff's claims pursuant to 47 U.S.C. §§ 605(a) and (605)(e)(4) and 18 U.S.C. § 2511 is denied. After the statutes of limitations issues are developed through discovery, they may be raised again by motion for summary judgment. The said motion to dismiss is denied as to 18 U.S.C. § 2512 because that aspect of the motion is moot.

Defendants Mark and Christine Savin's motion to dismiss plaintiff's claim under A.R.S. § 13–3008(A) and request for attorney fees under A.R.S. § 12–731(A)(c)(4)[38] is denied with leave to renew the same when general motion practice is authorized in the 2004 JMC.

As provided by CMO–7,[39] the legal conclusions reached in this order will be applied for purposes of statutes of limitations issues in all of the JMC.

The Redfern defendants shall serve and file their answer to plaintiff's complaint on or before November 29, 2004. All other defendants in all of the JMC who have relied upon this motion practice to defer answering shall likewise answer on or before November 29, 2004.

---

**35.** Clerk's Docket No. 16 in *DirecTV, Inc. v. Savin*, CV 04–0835–PHX (HRH).

**36.** CMO–6 at 17 (June 29, 2004).

**37.** Clerk's Docket No. 7 in *DirecTV, Inc. v. Talley*, No. CV–04–0829–PHX (HRH).

**38.** Clerk's Docket No. 16 in *DirecTV, Inc. v. Savin*, CV 04–0835–PHX (HRH).

**39.** CMO–7 (Aug. 24, 2004), Clerk's Docket No. 12 in *DirecTV, Inc. v. Talley*, CV–04–0829–PHX (HRH).